**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RIGOBERTO SALIDO, CDCR #AY-0083, <br><br> Plaintiff, <br><br> vs. <br><br> JAMES HILL; STEVEN STALLINGS; DOES 1–10, <br><br> Defendants. | Case No.: 3:25-cv-00561-JES-BLM <br><br> **ORDER: (1) DISMISSING CIVIL ACTION AS DUPLICATIVE PURSUANT TO 28 U.S.C. § 1915A(b)(1) AND (2) DENYING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AS MOOT** <br><br> **[ECF No. 2]** |

Plaintiff Rigoberto Salido, currently incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, and proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, via U.S. Mail on March 7, 2025, together with a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). (*See* ECF Nos. 1, 2.) Because Plaintiff e-filed an identical Complaint against the same Defendants in a separate civil rights action just one week before, the Court dismisses this second case without prejudice as duplicative of the first and denies Plaintiff's IFP motion in this case as moot.

**SUA SPONTE SCREENING PURSUANT TO 28 U.S.C. § 1915A(b)**

The Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A, obligates the

Court to review complaints filed by anyone "incarcerated or detained in any facility who is accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing" and regardless of whether the prisoner prepays filing fees or moves to proceed IFP. *See* 28 U.S.C. § 1915A(a), (c). Pursuant to this provision of the PLRA, the Court is required to review prisoner complaints which "seek[] redress from a governmental entity or officer or employee of a governmental entity," and to dismiss those, or any portion of those, which are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or which "seek monetary relief from a defendant who is immune." 28 U.S.C. § 1915A(a), (b)(1)-(2); *Resnick v. Hayes*, 213 F.3d 443, 446–47 (9th Cir. 2000); *Hamilton v. Brown*, 630 F.3d 889, 892 n.3 (9th Cir. 2011). "The purpose of § 1915A is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

Plaintiff's Complaint is subject to *sua sponte* dismissal pursuant to 28 U.S.C. § 1915A(b)(1) because it is identical to another civil action he submitted to prison officials at RJD for e-filing with the Clerk of the Court pursuant to S. D. Cal. General Order 653A on February 28, 2025. *See Salido v. Hill, et al.*, S.D. Cal. Case No. 3:25-cv-00502-AJB-MMP (*"Salido I"*). A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan,* 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)). The Complaints in both cases are merely photocopies of each other. Both suits name the same Defendants, allege the same causes of action, request the same relief, and are signed by Plaintiff on the same day—February 26, 2025. (*Compare* ECF No. 1, *with Salido I*, Compl., ECF No. 1.)

A prisoner's complaint is subject to *sua sponte* dismissal under 28 U.S.C. § 1915A(b)(1) if it "merely repeats pending or previously litigated claims." *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (construing former 28 U.S.C. § 1915(d))

(citation omitted). "[I]n assessing whether the second action is duplicative of the first, [the court must] examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 689 (9th Cir. 2007), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008). Because the same claims presented in the instant action against the same Defendants are currently pending before Judge Battaglia in *Salido I*, and nothing in the record of either case suggests Plaintiff intended to commence two separate identical civil actions, this subsequently-filed case may not concurrently proceed. *See Cato*, 70 F.3d at 1105 n.2; *Resnick*, 213 F.3d at 446 n.1.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that this civil action is **DISMISSED** as duplicative pursuant to 28 U.S.C. § 1915A(b)(1) and Plaintiff's Motion to Proceed *In Forma Pauperis* (ECF No. 2) is **DENIED** as moot. The dismissal of this case shall operate without prejudice to Plaintiff's pursuit of his claims in S.D. Cal. Case No. 3:25-cv-00502-AJB-MMP, and shall not be counted as a future "strike" against him pursuant to 28 U.S.C. § 1915(g). Plaintiff is advised that any and all future pleadings related to Plaintiff's claims against the named Defendants and submitted for consideration by the Court must include S.D. Cal. Case No. 3:25-cv-00502-AJB-MMP clearly in the caption to avoid further confusion. The Clerk of the Court is **DIRECTED** to enter a judgment of dismissal in S.D. Cal. Case No. 3:25-cv-00561-JES-BLM and close the file.

**IT IS SO ORDERED**.

Dated: March 27, 2025

Honorable James E. Simmons Jr.
United States District Judge